UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **JEROME BURNETT,**<br><br>**Plaintiff,**<br><br>v.<br><br>**BJ'S WHOLESALE CLUB, INC.,**<br><br>**Defendant.** | Civil Action No. 1:22-cv-2840-JKB |

### DEFENDANT BJ'S WHOLESALE CLUB INC.'S OPPOSITION
### TO PLAINTIFF'S "MOTION" TO REMAND

Defendant BJ's Wholesale Club, Inc. ("BJ's" or "Defendant") hereby submits this Opposition to the "Request to not remove from Circuit Court" (the "Motion") filed by Plaintiff Jerome Burnett ("Mr. Burnett" or "Plaintiff"), through which he appears to seek to have this action remanded to the Baltimore County Circuit Court.  Plaintiff's Motion – based on his assertion that this action should not be moved to a "lower level court" and that "the case will exceed the maximum ($30,000.00) allowed at the District Court" – reflects a misunderstanding of the federal Court's jurisdiction.  Indeed, Plaintiff has not actually argued that this Court lacks jurisdiction or that BJ's removal was in any way improper.  As explained below, he cannot do so. Notwithstanding the lack of clarity in Plaintiff's Complaint,[1] it is indisputable that the Court has

---

[1] BJ's has separately filed a Motion to Dismiss, or in the Alternative, For a More Definite Statement that is currently pending before the Court. *See* Doc. 16; 16-1.  As set out in BJ's Motion, Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(6) because Plaintiff fails to plausibly allege any facts in support of his purported causes of action.  Moreover, Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(5) as he has failed to sufficiently serve process on BJ's.  In the alternative, pursuant to Rule 12(e), Plaintiff should be ordered to file a more definite statement that complies with Rules 8 and 10.

original jurisdiction in this action pursuant to 28 U.S.C. § 1332 (diversity of citizenship) and 28 U.S.C. § 1331 (federal question).  Plaintiff's Motion should therefore be denied.

I.      **ARGUMENT**

> **A. The Court Has Original Jurisdiction Over This Action On Federal Question Grounds Pursuant To 28 U.S.C. § 1331 And On Diversity Of Citizenship Grounds Pursuant To 28 U.S.C. § 1332.**

Plaintiff's Motion fails because BJ's has established that this Court has original jurisdiction over this matter, on both federal question and diversity of citizenship grounds. When removal is challenged, the burden of proof is on the party seeking that removal to show that federal jurisdiction is proper. *See Universal Concrete Prod. Corp. v. Peerless Ins. Co.*, 2008 WL 4104171, at *3 (D. Md. Aug. 21, 2008) (citing *Mulcahey v. Columbia Organic Chems Co.*, 29 F.3d 148, 151 (4th Cir.1994)).  Here, BJ's has clearly met this burden.  In fact, Plaintiff's own subsequent pleadings demonstrate that BJ's has done so.

As described in BJ's Notice of Removal, Plaintiff's Complaint attached a Notice of Right to Sue issued by the U.S. Equal Opportunity Commission ("EEOC"), in which action Plaintiff made a claim of disability discrimination under the Americans with Disabilities Act ("ADA"), a federal statute. *See* Doc. 1.  Plaintiff does not now contest, in his Motion or otherwise, that he is asserting a federal claim under the ADA.  Rather, in his Opposition to BJ's Motion to Dismiss, Plaintiff re-states that he his asserting a claim under the ADA, as well as potentially under Title VII of the Civil Rights Act of 1964. *See* Doc. 20.  While Plaintiff has continued to fail to plead any factual allegations in support of his conclusory and scattered claims,[2] it appears that he is attempting to make allegations under the ADA. *See* Doc. 16.  Accordingly, it is undisputed that

---

[2] *See* Doc. 16 & 16-1, Defendant's Motion to Dismiss and Memorandum in Support thereof.

Plaintiff's claim presents a federal question and therefore this Court possesses jurisdiction over the matter. *See* 28 U.S.C. § 1331. His Motion for Remand should be denied on this basis alone.[3]

It is also clear that this Court maintains original jurisdiction on the grounds of diversity of citizenship pursuant to 28 U.S.C. § 1332. Specifically, Plaintiff is a citizen of the State of Maryland and BJ's is a citizen of the State of Delaware and Commonwealth of Massachusetts. *See* Doc. 1; 5. Plaintiff also claims to be seeking more than $75,000 in damages; he alleges damages in his Complaint purportedly totaling over $960,000. *See* Doc. 5. Plaintiff again does not dispute any of these facts in his Motion; rather he asserts damages over "$80,700.00," an amount clearly above the $75,000 jurisdictional threshold. Because Plaintiff does not, and cannot, challenge the Court's jurisdiction pursuant to 28 U.S.C. § 1332, again his Motion for Remand should be denied.

## III. CONCLUSION

For the reasons set forth above, BJ's respectfully requests that this Court deny the Plaintiff's Motion to Remand.

---

[3] To the extent Plaintiff may question this Court's jurisdiction over any state law claims he may allege, this Court would have supplemental jurisdiction over any remaining claims pursuant to 28 U.S.C. § 1367. "[I]t is well established . . . that, once a court has original jurisdiction over some claims in the action, [the court] may exercise supplemental jurisdiction over additional claims that are part of the same case or controversy." *Exxon Mobile Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 553 (2005) (citing 28 U.S.C. § 1367); *see also* 28 U.S.C. § 1441(c) ("[w]henever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein.").

Respectfully submitted,

BJ'S WHOLESALE CLUB, INC.,

By Its Attorneys,

*/s/ Teresa D. Teare*
Teresa D. Teare (Bar No. 28055)
SHAWE ROSENTHAL LLP
One South Street, Suite 1800
Baltimore, MD 21202
Telephone: (410) 752-1040
Facsimile: (410) 752-8861
teare@shawe.com


*/s/ Brendan T. Sweeney*
Joseph P. McConnell
(admitted *Pro Hac Vice*)
Brendan T. Sweeney
(admitted *Pro Hac Vice*)
MORGAN, BROWN & JOY, LLP
200 State Street, Suite 11A
Boston, MA 02109
P: (617) 523-6666
F: (617) 367-3125
E: jmcconnell@morganbrown.com
E: bsweeney@morganbrown.com

Date: November 28, 2022


## CERTIFICATE OF SERVICE

I hereby certify that on November 28, 2022, a copy of the foregoing document electronically filed and served via first class mail, postage prepaid, on:

Jerome A. Burnett
(jeromeb4@hotmail.com)
10 Hobart Court
Randallstown, MD 21133-2408

*/s/ Brendan T. Sweeney*
Brendan T. Sweeney