Harassment of a Disabled Employee

At

BJ's Wholesale Club, Inc. (55 Music Fair Road)

November 24, 2022

Jerome Andrew Burnett

10 Hobart Court

Randallstown, MD 21133-2408


Honorable Judge James K. Bredar

101 West Lombard Street

Baltimore, MD 21201


Dear Honorable Judge Bredar:

When I was employed at the defendant's business (Civil Action No. 1:22-cv-2840-JKB), the defendant harassed my person by having me violate Occupational Safety and Health Administration (OSHA) rule and regulation #1926.95 for all employees (not just operator) to wear "steel-toe shoes" around or in the building where "heavy-lift equipment" is being utilized. The employer would ask my person to operate the "heavy-lift equipment" around other employees that were in violation of OSHA rules for "steel-toe shoes" to be worn. The act of the defendant making my person violate OSHA rules and regulation is an act of harassment. I was harassed by the defendant, to violate OSHA rules and regulation any day I worked at the defendant's business. The harassment was not only from being physically assaulted "on-the-job" at the defendant's business.

The defendant hired me to be harassed by having my person whom suffers from disabilities to endure offensive conduct becomes a condition of continued employment, by having me violate OSHA rules for the defendant by operating "heavy-lift equipment" around employees that were not OSHA compliant and perhaps did not know of the OSHA rules for "steel-toe shoes" to be worn in a building which has "heavy-lift equipment" being in usage. Violating OSHA rules created a work environment that a

reasonable person would consider intimidating, hostile, or abusive, the defendant terminated my employment because of my disability and unwillingness to allow the defendant to "get away" with violating OSHA rules.

Defendant is guilty of violating Title VII of the civil Rights Act of 1964, and the Americans with Disabilities Act of 1990, (ADA). The defendant terminated my employment after forfeiting the rights to "At-will termination" under Maryland law. The termination was "Wrongful Termination" and discriminated against my person because of my disability, I was terminated whilst on medical leave. Defendant is also guilty for retaliation-termination, to protect the defendant's ability to save money by not having to purchase the proper "lift" equipment to operate in a building not following OSHA rules for "steel-toe shoes." It is unfortunately profitable to not follow or adhere to OSHA rules, no need for training which could cause potential fines and educating employees about their rights at work, causing more potential lawsuits to the business.

In the defendant's "eyes," I was a necessary sacrifice for the pursuit of saving money and building larger profits. I am pleading to the court to punish the defendant for their guilt towards violating the law [Section 11(c) of OSH Act]. Terminating my employment whilst I was injured is a violation to Americans with Disabilities Act (ADA) under Title VII, the defendant has shown evidence of violating the ADA by terminating my employment whilst I was injured from the "Assault & Battery" which occurred at the defendant's business. I plead to the court for the maximum penalty for all violations the defendant shall be guilty of in these court proceedings.

I request the maximum amount to be paid to myself for being the victim of discrimination and for Emotional Distress and Punitive damages under Title VII, the ADA and certain other laws. The Assault & Battery may have been settled with the "slip & fall" payment during the Worker's Compensation settlement agreement but the discrimination of termination of employment and Retaliation-termination as well as harassment and any other violations to ADA have not been settled. I request $1,428,000.00 for emotional distress, I am seeing a psychiatrist and receiving medication for the emotional issues from the defendant's violations to ADA under Title VII of my protected employment and there are no limits to a settlement amount if the defendant is found guilty of violating the ADA under Title VII. I was seeking $468,000.00 for loss of wages and $960,000.00 for Medical bills, the Total for Emotional distress and punitive damages $1,428,000.00. The amount for Medical bills and Wage loss can be changed or disregarded, as long as I receive the $1,428,000.00 if the defendant is found guilty.

Respectfully,

JEROME ANDREW BURNER
*Jerome Burnett* (signature)
November 29, 2022

Certificate of Service

Civil Action No. 1:22-cv-2840-JKB

I hereby certify that on November 25, 2022, a copy of the foregoing document titled "Harassment of a Disabled Employee At BJ's Wholesale Club, Inc. (55 Music Fair Road)," served via Postage paid standard mail, to:

Teresa D. Teare (Bar No. 28055)

Shawe Rosenthal, LLP

One South Street, Suite 1800

Baltimore, MD 21202

(410)752-1040

(410)752-8861 (Fax)

teare@shawe.com


Brendan T. Sweeney

Morgan, Brown & Joy, LLP

200 State Street, Suite 11A

Boston, MA 02109

(617)523-6666

(617)367-3125 (Fax)

bsweeney@morganbrown.com

*[signature]*
November 25, 2022
JEROME BURNETT

{ Defendant knew of my disability during interview process }