## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

**JEROME BURNETT,**                                            *

     **Plaintiff,**

                                 *

**v.**                                              **CIVIL NO. JKB-22-2840**

                                 *

**BJ'S WHOLESALE
CLUB, INC.,**
                                 *

     **Defendant.**

   *    *    *    *    *    *    *    *    *    *    *    *

### MEMORANDUM

On September 13, 2022, Plaintiff Jerome Burnett, appearing *pro se*, brought this action against Defendant BJ's Wholesale Club, Inc. ("BJ's") in the Circuit Court for Baltimore County, Maryland. (Compl., ECF No. 5.) On November 3, 2022, BJ's removed the action to this Court pursuant to 28 U.S.C. § 1441. (Notice of Removal, ECF No. 1.) Presently pending before the Court are a Motion by Burnett styled as a "Request [not to] Remove from Circuit Court," which the Court construes as a Motion to Remand, (ECF No. 19), and a Motion by BJ's to Dismiss or, in the alternative, for a More Definite Statement (ECF No. 16). Both Motions are ripe for disposition and no hearing is required to resolve them. *See* Loc. R. 105.6 (D. Md. 2021). Burnett has subsequently filed two "Complaint[s] for Employment Discrimination," one on November 28, 2022 (ECF No. 23) and one on February 26, 2023 (ECF No. 25); the Court construes the first of those documents as Burnett's first Amended Complaint and the second as a Motion for Leave to File a Second Amended Complaint. For the reasons set forth below, Burnett's Motion to Remand will be denied; the Court, applying Federal Rule of Civil Procedure 15(a), will accept Burnett's

1

first Amended Complaint as timely and order further briefing on his Motion for Leave to File a Second Amended Complaint; and BJ's Motion will be denied as moot.

## I.    *Background*[1]

This dispute arises out of Burnett's time as an employee at a BJ's retail location in Owings Mills, Maryland. (Compl.)  Burnett was hired in June 2021 to work part-time as a forklift operator at that location.  (*Id.*)  "[D]uring the hiring process," Burnett disclosed to BJ's his "physical and mental disabilities," including post-traumatic stress disorder, bipolar disorder, depression, anxiety, schizophrenia, and chronic pain.  (Am. Compl., ECF No. 23, ¶ III(D)–(E).)  During Burnett's interview for the position, the store's general manager allegedly told him that employees operating "heavy lift equipment" were not required to wear steel-toed shoes because the store was a retail facility.  (Compl.)  At the time, Burnett understood a certain provision of the United States Occupational Safety and Health Administration's ("OSHA") workplace safety regulations, Standard 1926.95, to require all operators of heavy lift equipment to wear steel-toed shoes, including at retail facilities.  (*Id.*)

On or around October 13, 2021, Burnett suffered a workplace injury when he tripped over a coworker's foot—an incident which he characterizes as an assault and battery—and he noticed when he tripped that the coworker was not wearing steel-toed shoes.  (*Id.*)  As a result of this workplace injury, Burnett took medical leave to complete physical therapy and "had to file a complaint with Workers' Compensation[.]"  (Am. Compl. ¶ III(E).)  While he was on medical leave, Burnett reported the Owings Mills BJ's location for noncompliance with OSHA Standard

---

[1] At the motion to dismiss stage, the "well-pled allegations of the complaint" are accepted as true and "the facts and reasonable inferences derived therefrom" are construed "in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997) (citing *Little v. Fed. Bureau of Investigation*, 1 F.3d 255, 256 (4th Cir. 1993)). For purposes of this Memorandum, and in view of the axiom that *pro se* pleadings are to be construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Court draws background mainly from Burnett's initial Complaint (ECF No. 5) and from the filing that the Court construes as his first Amended Complaint (ECF No. 23).

1926.95 via OSHA's online complaint portal. (Compl.)  In November 2021, while Burnett was still on leave and collecting "temporary disability [benefits]," BJ's terminated his employment. (Am. Compl. ¶ III(E).)  Burnett alleges that he was fired because BJ's "saw [him] as a liability and discriminated against [him] because of [his] disability[.]" (*Id.*)

On June 30, 2022, Burnett filed a "Charge of Discrimination" against BJ's with the United States Equal Employment Opportunity Commission ("EEOC"), claiming that BJ's had fired him in retaliation for his "whistleblower" activity and his disabilities.  (Charge of Discrimination, Ex. B to Notice of Removal, ECF No. 1-3.)  On August 24, 2022, the EEOC issued Burnett a "Determination and Notice of Rights," commonly known as a "right-to-sue letter," dismissing his EEOC charge without a formal determination and informing him of his right to sue BJ's within 90 days of his receipt of the letter. (Compl.)

On September 13, 2022, Burnett filed suit against BJ's in the Circuit Court for Baltimore County, Maryland. (*Id.*)  Burnett's initial Complaint was a disjointed collection of documents containing no clear statement of facts. (*See generally id.*)  These included the EEOC's right-to-sue letter; a letter from Burnett to OSHA originally dated June 12, 2022 alleging that BJ's had violated the Occupational Safety and Health Act's ("OSH Act") "whistleblower protection" provision, 29 U.S.C. § 660(c); an award letter addressed to Burnett from the Workers' Compensation Commission of Baltimore dated June 16, 2022; and a civil case information sheet categorizing the case as one for assault and battery, conspiracy, fraud, negligence, "EEO/[Human Resources]," worker's compensation, and wrongful termination. (*Id.*)  Burnett sought damages in the amount of $960,000 for medical bills and $468,000 for wage loss. (*Id.*)

BJ's became aware of the lawsuit on October 4, 2022, when the Baltimore County Sheriff served the Complaint on a store manager at the Owings Mills BJ's location.  (Notice of Removal

3

¶ 12.) BJ's removed the case to this Court on November 3, 2022. (*Id.*) On November 9, 2022, BJ's filed a Motion to Dismiss or, in the alternative, for a More Definite Statement. (ECF No. 16.) BJ's argued that dismissal was appropriate under Federal Rule of Civil Procedure 12(b)(6) because Burnett's Complaint failed to state a plausible claim for relief. (*Id.* at 3–4.) Further, BJ's sought dismissal pursuant to Rule 12(b)(5) because it had not been served properly with Burnett's Complaint, which Maryland law requires be served on a corporation's "resident agent, president, secretary, or treasurer." (*Id.* at 6–7 (citing Md. R. 2-124(d)).) Alternatively, BJ's requested that, pursuant to Rule 12(e), the Court direct Burnett to "revise and amend his Complaint so that it [would] provide[ ] a more definite statement" of his claims. (*Id.* at 5.)

On November 4, 2022, Burnett filed a correspondence titled "Request [not to] Remove from Circuit Court," which the Court construes as a Motion to Remand. (ECF No. 19.) On November 13, 2022, Burnett filed a Response in Opposition to BJ's Motion to Dismiss, in which he offered various theories as to the illegality of BJ's actions. (ECF No. 20.) Shortly thereafter, Burnett submitted a letter expounding on one of those theories, which the Court will construe as part of his Response in Opposition. (ECF No. 22.)

On November 28, 2022, Burnett filed a form complaint titled "Complaint for Employment Discrimination." (ECF No. 23.) The document sets forth a description of the facts of Burnett's case, as well as allegations that BJ's violated both the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12112 et seq., and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., by failing to accommodate him, retaliating against him, terminating his employment, and committing other "disability discrimination." (*Id.*) BJ's, "understand[ing] this document to be Plaintiff's Amended Complaint," filed an Answer to it on December 13, 2022. (ECF No. 24.)

4

Finally, on February 28, 2023, Burnett filed a second "Complaint for Employment Discrimination," which incorporates several documents and cites to additional legal bases for relief—including "Title I[,] Title III[, and] Title V"; Article 49B of the Annotated Code of Maryland, which governs employment discrimination; "Fraudulent Inducement"; harassment under Maryland Criminal Law section 3-803; and Maryland State Regulation 14.03.04.09, which prohibits "interference, coercion, intimidation, or retaliation" in housing. (ECF No. 25.)

## II.    Analysis

The Court will first address Burnett's Motion to Remand before turning to his Amended Complaints and then, finally, BJ's Motion to Dismiss. In considering the parties' pleadings and motions, the Court will apply the principle that *pro se* plaintiffs are held to a "less stringent standard[ ]" than lawyers, and courts construe their pleadings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while *pro se* filings "represent the work of an untutored hand requiring special judicial solicitude," district courts are not required to "conjure up questions never squarely presented to them" or to "construct full blown claims from . . . fragments." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985). On the whole, Federal Rule of Civil Procedure 8(e) requires that "[p]leadings . . . be construed so as to do justice."

### A. Motion to Remand

The Court first denies Burnett's Motion to Remand because it raises no objection either to this Court's subject matter jurisdiction or to BJ's compliance with the statutes governing removal, as is required of such a motion. 28 U.S.C. § 1447(c); (*see generally* ECF No. 19.) Moreover, the Court is satisfied that removal was proper and that it has jurisdiction over this dispute.

5

### 1. *Legal Standard*

Under 28 U.S.C. § 1441(a), with limited exceptions, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."[2]  A notice of removal must be filed "within 30 days after the receipt by the defendant, through service or otherwise, a copy of the initial pleading[.]"  28 U.S.C. § 1446(b)(1).

Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," and over "all civil actions"—whether arising under state law, federal law, or both—"where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. §§ 1331, 1332(a)(1).  In assessing whether an action arises under federal law, courts apply the "well-pleaded complaint rule, which holds that courts 'ordinarily . . . look no further than the plaintiff's [properly pleaded] complaint in determining whether a lawsuit raises issues of federal law capable of creating federal-question jurisdiction under 28 U.S.C. § 1331.'" *Pinney v. Nokia, Inc.*, 402 F.3d 430, 442 (4th Cir. 2005) (quoting *Custer v. Sweeney*, 89 F.3d 1156, 1165 (4th Cir.1996)).  For purposes of determining diversity of citizenship, a corporation is deemed a citizen of every state in which it has been incorporated and the state in which it has its "principal place of business." § 1332(c)(1).

A party opposed to the removal of an action may move to remand it to state court, either on the basis of lack of subject matter jurisdiction, which may be raised at any time before final judgment is entered, or for "any defect other than lack of subject matter jurisdiction," which must be raised "within 30 days after the filing of the notice of removal[.]" 28 U.S.C. § 1447(c). "From

---

[2] The parties do not dispute that venue is proper in this district and division.

the context of § 1447, it is apparent 'that "defect" refers to a failure to comply with the statutory requirements for removal provided in 28 U.S.C. §§ 1441–1453.'" *In re Norfolk S. Ry. Co.*, 756 F.3d 282, 292 (4th Cir. 2014) (quoting *Kamm v. ITEX Corp.*, 568 F.3d 752, 755 (9th Cir. 2009)).

### 2. *Analysis*

As a threshold matter, Burnett's Motion to Remand, which was filed seven days after BJ's filed notice of removal, is timely under § 1447(c). (Notice of Removal; Mot. Remand.) However, the Motion does not allege a lack of subject matter jurisdiction or any defect in removal that would justify remand. Instead, Burnett's argument for remand seemingly rests on his misunderstanding of this Court's ability to vindicate his claims as fully as could the Baltimore County Circuit Court. In his Motion, Burnett refers to this Court as a "lower level court" and expresses anxiety that any damages it may impose on BJ's would therefore be "of lesser consequence" than those that might be imposed by the Circuit Court. (Mot. Remand.) He requests that the case be remanded so that BJ's may "face the full music" and "receive the proper punishment for violating state and federal laws." (*Id.* (internal quotations omitted).) These concerns are groundless, as this Court is empowered to impose, where warranted, a full symphony of remedies under both state and federal law.

Moreover, even if Burnett's Motion did allege a jurisdictional problem or another defect in removal, it would nonetheless fail because removal in this case was proper. The record reflects that BJ's was made aware of this lawsuit on October 4, 2022, the date on which the Baltimore County Sheriff served the Complaint on a store manager at the Owings Mills BJ's location. (Sheriff's Return, Ex. A to Notice of Removal, ECF No. 1-2, at 25.) The notice of removal filed on November 3, 2022, was thus timely under § 1446(b)(1). This Court has original jurisdiction over the action under § 1332 because the amount in controversy exceeds $75,000 and the parties

7

are diverse: Burnett is a citizen of Maryland and BJ's is a citizen of Delaware, its place of incorporation, and Massachusetts, its principal place of business.[3]  (Notice of Removal at 3).

Because Burnett's Motion to Remand does not raise a proper challenge to the removal of this action, and because the Court concludes that removal was proper, the Motion is denied.

### B. *Amended Complaints*

Turning next to Burnett's Amended Complaints (ECF Nos. 23, 25), the Court concludes that the first of those two filings constitutes a valid amendment as a matter of course under Federal Rule of Civil Procedure 15(a) and supersedes Burnett's initial Complaint (ECF No. 5). The Court, mindful of Burnett's *pro se* status, liberally construes the submission of Burnett's second Amended Complaint (ECF No. 25) as a Motion for Leave to File a Second Amended Complaint pursuant to Rule 15(a). Accordingly, the Court will refrain from ruling on the Motion and order additional briefing from the parties.

### 1. *Legal Standard*

Rule 15(a) empowers a party to "amend its pleading once as a matter of course," without first seeking leave from the court. "[I]f the pleading is one to which a responsive pleading is required," such as a complaint, the party has the right make that amendment within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f),

---

[3] BJ's asserts that the Court also has federal question jurisdiction because in his initial Complaint Burnett "set forth allegations that the Defendant has violated the ADA." (Notice of Removal ¶ 8.) Without "construct[ing] full blown claims" from the "fragments" of Burnett's initial Complaint, *Beaudett*, 775 F.2d at 1277–78, the Court can discern neither an ADA claim nor any other cogent claim for relief under federal law. While the Complaint incorporates a right-to-sue letter from the EEOC, suggesting that some claim within the EEOC's purview underlies the lawsuit, Burnett's principal allegation seems to be that he was terminated by BJ's "in retaliation [for] reporting [OSHA] violations" at his workplace, and not for any disability-related reason. (Compl. at 2.) The relevant provision governing OSHA complaints does not provide a private right of action. *See* 29 U.S.C. § 660(c); *see also Doe I v. Scalia*, 58 F.4th 708, 711 (3rd Cir. 2023) ("In general, OSHA, rather than private litigants, is responsible for assuring workplace safety. In furtherance of that objective, the OSH Act funnels safety grievances through OSHA's administrative processes."). Nonetheless, because the requirements for diversity jurisdiction are satisfied, the Court need not resolve whether Burnett's initial Complaint properly asserts a federal question.

whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). "[A] properly filed amended complaint supersedes the original one and becomes the operative complaint in the case, . . . render[ing] the original complaint 'of no effect.'" *Fawzy v. Wauquiez Boats SNC*, 873 F.3d 451, 455 (4th Cir. 2017) (quoting *Young v. City of Mt. Ranier*, 238 F.3d 567, 573 (4th Cir. 2001)).

After the expiration of that 21-day window, or after the party has exercised its right to amend once as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* "[A] request to amend should only be denied if one of three facts is present: 'the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or amendment would be futile.'" *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 379 (4th Cir. 2012) (quoting *Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172, 193 (4th Cir. 2009)). Any opposition to a motion for leave to file an amended complaint must generally be filed within 14 days of service of the motion. Loc. R. 105.2(a) (D. Md. 2021).

### 2. First Amended Complaint

Burnett's first Amended Complaint satisfies Rule 15(a)'s requirements for an amendment as a matter of course. The document was filed fewer than 21 days after BJ's filed its Motion pursuant to Rules 12(b) and 12(e), (*see* ECF No. 16), during the period in which Burnett was entitled under Rule 15(a) to file an amended complaint without seeking leave or consent. Moreover, BJ's itself construed the document as an amended complaint and subsequently filed an Answer. (*See* Answer, ECF No. 24, at 1 n.1 ("Defendant[ ] understand[s] [ECF No. 23] to be Plaintiff's Amended Complaint and that he seeks to proceed on this basis only.").) Accordingly,

9

Burnett's first Amended Complaint supersedes the initial Complaint as the operative Complaint in this case. *Fawzy*, 873 F.3d at 455.

### 3. Second Amended Complaint

Burnett's second Amended Complaint does not enjoy the same automatic acceptance under Rule 15(a). The second Amended Complaint was filed after Burnett had exercised his right to amend once as a matter of course, and months after BJ's Motion to Dismiss. (ECF No. 25.) Thus, Rule 15(a)(2) requires Burnett to obtain either BJ's consent or the Court's leave before he may further amend his Complaint. Because the Court construes Burnett's filing as a Motion for Leave despite its not being styled as such, in the interest of fairness it will grant BJ's a period of 14 days from the entry of this Memorandum and Order in which to file any opposition to Burnett's Motion. Should BJ's oppose the Motion, Burnett will then have 14 days in which to file a reply. Loc. R. 105.2(a) (D. Md. 2021). Only after the Motion is ripe for decision will the Court determine whether Burnett should be granted leave to file his second Amended Complaint.

### C. Motion to Dismiss or for a More Definite Statement

Finally, the Court considers BJ's Motion to Dismiss or, in the alternative, for a More Definite Statement (ECF No. 16) and finds that it is mooted by Burnett's Amended Complaint (ECF No. 23). The Motion must therefore be denied.

Where a party has properly amended a pleading pursuant to Rule 15, "[i]t is well settled that an amended pleading supersedes the original, and motions directed at superseded pleadings must be denied as moot." *Dykes v. Portfolio Recovery Assocs., LLC*, 306 F.R.D. 529, 530 (E.D. Va. 2015) (citing *Young*, 238 F.3d at 573 ("[A]n amended pleading supersedes the original pleading, rendering the original pleading of no effect.")).

10

As discussed above, the Court accepts the "Complaint for Employment Discrimination" filed by Burnett on November 28, 2022, as a valid Amended Complaint. (ECF No. 23.) Further, BJ's acquiesced to Burnett's first Amended Complaint by answering it. (ECF No. 24.) Because the first Amended Complaint supersedes Burnett's initial Complaint, BJ's Motion attacking the initial Complaint is moot, and it is therefore denied as such. *Dykes*, 238 F.3d at 530.

### III.   *Conclusion*

For the reasons set forth above, a separate Order shall issue denying Plaintiff Jerome Burnett's Motion to Remand (ECF No. 19), denying as moot Defendant BJ's Wholesale Club, Inc.'s Motion to Dismiss or for a More Definite Statement (ECF No. 16), and directing BJ's to respond to Burnett's Motion for Leave to file a Second Amended Complaint (ECF No. 25) within 14 days of the entry of this Memorandum and Order.

DATED this _____7_____ day of March, 2023.

BY THE COURT:

James K. Bredar
Chief Judge

11