IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JEROME BURNETT,** | * | |
| **Plaintiff,** | * | |
| v. | * | **CIVIL NO. JKB-22-2840** |
| **BJ'S WHOLESALE CLUB, INC.,** | * | |
| **Defendant.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Plaintiff Jerome Burnett, appearing *pro se*, brought this action for employment discrimination and retaliation against Defendant BJ's Wholesale Club, Inc. ("BJ's") in the Circuit Court for Baltimore County, Maryland. (Compl., ECF No. 5.) BJ's removed the action to this Court. (*See* Notice of Removal, ECF No. 1.) Burnett subsequently filed a form complaint titled "Complaint for Employment Discrimination," (ECF No. 23), which the Court recognized as Burnett's First Amended Complaint, (*see* Mem., ECF No. 26, at 9–10), and which alleges that BJ's violated both the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12112 *et seq.*, and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, by failing to accommodate his disabilities, retaliating against him, terminating his employment, and committing other acts of "disability discrimination." (ECF No. 23.) Now pending is a second "Complaint for Employment Discrimination," which the Court has construed as a Motion by Burnett for Leave to File a Second Amended Complaint. (ECF No. 25; *see* ECF No. 26 at 10.) The Motion is fully briefed and no hearing is required. *See* Loc. R. 105.6 (D. Md. 2021). The Court will deny the Motion as futile.

1

As the Court explained in its previous Memorandum (*see* ECF No. 26 at 8–9), Federal Rule of Civil Procedure 15(a) empowers a party to "amend its pleading once as a matter of course"; however, once a party has made its sole as-of-right amendment, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The rule instructs courts to "freely give leave when justice so requires." *Id.* "[A] request to amend should only be denied if one of three facts is present: 'the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or amendment would be futile.'" *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 379 (4th Cir. 2012) (quoting *Matrix Cap. Mgmt. Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172, 193 (4th Cir. 2009)). A district court may deny a motion to amend as futile where "the proposed amendments could not withstand a motion to dismiss." *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995) (citing *Glick v. Koenig*, 766 F.2d 265, 268–69 (7th Cir. 1985)). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A pleading that offers 'labels and conclusions' or ... 'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. *Id.* (alteration in original) (quoting *Twombly*, 550 U.S. at 555, 557).

Burnett's proposed Second Amended Complaint does not meet the requisite standard of plausibility. It asserts that BJ's violated several federal laws in addition to the ADA and Title VII: namely, "Title I[,] Title III[, and] Title V[.]" (ECF No. 25.) Burnett does not specify, and the

Court cannot readily infer, which statute's or statutes' titles he is referencing.[1]  Burnett also invokes various Maryland state laws: "Article 49B," a now-repealed statute prohibiting discrimination in employment, see Md. Code, Art. 49B (repealed 2009); fraudulent inducement; "3-803 Harassment Subtitle 8," a criminal harassment statute; and "Md. Code Regs. 14.03.04.09," which prohibits "interference, coercion, intimidation, or retaliation" in housing.  (ECF No. 25.)  By way of factual allegations, Burnett claims that he was "harassed on the job" because a manager "made [him] violate" an Occupational Safety and Health Administration ("OSHA") regulation, and that he was fired after BJ's "failed to accommodate [his] need" to follow that regulation.  (Id.)  These facts, even accepted as true, do not support Burnett's "naked assertions" of statutory violations.  Further, most of the statutory violations Burnett alleges are either no longer good law or inapposite in the context of a civil employment discrimination action.  The Court thus concludes that Burnett's proposed Second Amended Complaint could not withstand a motion to dismiss, and that granting Burnett leave to amend would be futile.

Accordingly, it is hereby ORDERED that Plaintiff Jerome Burnett's Motion for Leave to File a Second Amended Complaint (ECF No. 25) is DENIED.  Burnett's First Amended Complaint (ECF No. 23) will remain the operative Complaint in this matter.

DATED this __17__ day of April, 2023.

BY THE COURT:

_____
James K. Bredar
Chief Judge

---

[1] Assuming Burnett means to reference the Civil Rights Act, the Court notes that Title I of that Act enshrines voting rights, Title III prohibits racial segregation in public facilities, and Title V provided for the expansion of the United States Commission on Civil Rights.  See generally Civil Rights Act of 1964, Pub. L. 88–352, 78 Stat. 241.