IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JEROME BURNETT, | * | |
| Plaintiff, | * | |
| v. | * | Civ. No. JKB-22-02840 |
| BJ'S WHOLESALE CLUB, INC., | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

The Court issued summary judgment in favor of Defendant on March 8, 2024. (ECF No. 144.) The United States Court of Appeals for the Fourth Circuit affirmed this Court's judgment on June 18, 2024. (ECF No. 151.) After Plaintiff's petition for rehearing was denied (ECF No. 153), the Mandate of the Fourth Circuit went into effect on July 24, 2024. (ECF No. 154.)

On August 14, 2024, Plaintiff filed a document with the Court entitled "Federal Rule 60-Relief from Judgment or order Federal Rule 59—Altering or Amending a Judgment" (the "Motion") (ECF No. 155), which the Court will construe as a Motion for Relief from Judgment under Federal Rule of Civil Procedure 60(b).[1] Rule 60(b) provides that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

---

[1] Plaintiff is not eligible for an alteration or amendment of the Court's judgment under Rule 59, because under that rule the motion must be filed no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59(e).

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The motion "must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." *Id.* 60(c)(1).

Moreover, under Fourth Circuit precedent, a party seeking relief from judgment must meet certain threshold requirements before showing that he is entitled to relief under one of the subsections of Rule 60(b). These threshold requirements are that the party must first demonstrate (1) timeliness, (2) a meritorious defense, (3) a lack of unfair prejudice to the opposing party, and (4) exceptional circumstances. *Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, 859 F.3d 295, 299 (4th Cir. 2017).

Plaintiff has failed to establish that he is entitled to relief from judgment. Although Plaintiff's Motion is timely, he has failed to satisfy any of the other threshold requirements. The documents attached to his Motion consist almost entirely of evidence that the Court has already considered; to the extent that any documents constitute new evidence, they do nothing to undermine the Court's conclusion that Plaintiff failed to establish any triable issue with respect to his employment discrimination claims. (*See generally* ECF No. 143.) And even if these documents did show the existence of a meritorious defense (and, to be clear, they do not) there would be significant unfair prejudice to Defendant, given that this case has been litigated for over a year and half, during which time the parties engaged in full discovery, briefed dozens of motions, and argued the merits of the case on appeal. Reopening the case now, after Defendant has invested considerable time and expense in litigating this case, would be severely prejudicial. Finally,

Plaintiff has not shown any extraordinary circumstances. He relies on evidence that both this Court and the Court of Appeals has already considered on the merits. And—to the extent that he introduces any new evidence—he does not explain why he was unable to obtain this "new" evidence earlier.

Finally, even if Plaintiff had made the threshold showing, the Motion would still be denied for failure to satisfy any of the subsections of Rule 60(b). Plaintiff does not allege any "mistake, inadvertence, surprise, or excusable neglect" on his part, and—to the extent he seeks to introduce any new evidence—he does not explain why he could not have uncovered this evidence earlier through the exercise of reasonable diligence. As for fraud, Plaintiff suggests that it was somehow fraudulent for Defendant to pay him his salary because he did not work certain days of his shift, but he does not explain how this would constitute fraud and the Court finds this theory incomprehensible. (*See* ECF No. 155 at 5.) And, the Court's judgment was certainly not void. *See United States v. Welsh*, 879 F.3d 530, 533 (4th Cir. 2018) (holding that relief under Rule 60(b)(4) "applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard") (quoting *U.S. Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010)). Nor do any of the provisions of Rule 60(b)(5) even remotely apply. *See id.* at 537–538. Finally, Plaintiff does not present any extraordinary circumstances that would justify relief under the catchall provision of Rule 60(b)(6), especially when weighed against the interests of preserving the finality of judgments. *See Aikens v. Ingram*, 652 F.3d 496, 500–01 (4th Cir. 2011).

The Court recognizes that Plaintiff disagrees strongly with the decisions of this Court and of the Fourth Circuit. However, Plaintiff has had a full and fair opportunity to litigate this case, two different federal courts have ruled against him on the merits, and it is time to accept that this

matter must come to a close. As the Supreme Court stated nearly a century ago, "[p]ublic policy dictates that there be an end of litigation." *Baldwin v. Ia. State Traveling Men's Ass'n*, 283 U.S. 522, 525 (1931). The end has come in this case.

Accordingly, it is ORDERED that Plaintiff's Motion (ECF No. 155) is DENIED. The Clerk is DIRECTED to mail a copy of this Memorandum and Order to Plaintiff.

DATED this 20 day of August, 2024.

BY THE COURT:

James K. Bredar
United States District Judge